Terri Lee **HALDERMAN** et al.

v.

**PENNHURST STATE SCHOOL AND HOSPITAL et al.**

Civ. A. No. 74–1345.

United States District Court,
E.D. Pennsylvania.

April 7, 1983.

---

David Ferleger, Philadelphia, Pa., for Terri Lee Halderman.

Thomas M. Kittredge, Philadelphia, Pa., for Bucks, Chester and Delaware Counties.

Robert B. Hoffman, Deputy Atty. Gen., Harrisburg, Pa., for the Com. of Pa.

Thomas Gilhool, Philadelphia, Pa., for Pa. Ass'n for Retarded Citizens.

Herbert B. Newberg, Philadelphia, Pa., for David Ferleger, Esq.

Pamela P. Cohen, Philadelphia, Pa., for Pennhurst Parents Ass'n.

Terissa Chaw, Civ. Rights Div., Dept. of Justice, Washington, D.C., for the U.S.

R. Stephen Barrett, Asst. County Sol., Norristown, Pa., for Montgomery County.

Marc H. Myers, Asst. City Sol., Philadelphia, Pa., for Philadelphia County.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Jerry Haas, an individual who is not a party to this litigation nor a member of any organizational party to this action, has filed a motion, pursuant to Fed.R.Civ.P. 24, to intervene in this action for the purpose of correcting an alleged "factual error" contained in the appendix to the *Report of the Special Master on Habilitation of Plaintiff Class Members Who Reside in Private Licensed Facilities* (Dkt. No. 1738). For the reasons hereinafter set forth, the Court will deny Mr. Haas's Motion to Intervene.

*Factual Background*

As is well-known to the litigants, this case involves a class action by retarded persons and their representatives seeking relief from conditions at Pennhurst State School and Hospital, which the plaintiffs alleged violated their civil rights under the Constitution, federal statutes and the Pennsylvania Mental Health/Mental Retardation Act of 1966, 50 P.S. § 4101 *et seq.* On December 23, 1977, this Court made findings of fact and conclusions of law in favor of the plaintiffs. On March 17, 1978, the Court entered an injunctive Order designed to provide the plaintiff class with the type of habilitation and treatment minimally required by state law and the Fourteenth Amendment. *See* 446 F.Supp. 1295. A major portion of this relief provides for the habilitation of class members in institutions other than Pennhurst when the planning assessment team of mental retardation professionals which drafts a habilitation plan for each class member determines, subject to appeal to the Hearing Master established by this Court pursuant to the Third Circuit's first en banc affirmance of this Court (612 F.2d 84), that such placement is necessary to provide the class member with mini-

mally adequate habilitation in the least restrictive environment.

During the summer of 1982, questions arose as to the quality of care being received by class members residing in private licensed facilities for the mentally retarded. *See* Report of the Hearing Master re K.K. (July 29, 1982, Dkt. No. 1526). Based on the Hearing Master's Report and upon consideration of the plaintiffs' request for an investigation, the Court, in its letter of August 17, 1982, directed the Special Master to prepare "a report on the status of habilitation for class members in private licenses facilities." In its Memorandum and Order of August 12, 1982, 545 F.Supp. 410 (E.D. Pa.1982), the Court had directed the Special Master to phase out operations on or before December 31, 1982. The Special Master ceased operating on December 31, but completed the Report on Private Licensed Facilities and submitted it to the Court on December 29, 1982.

The Special Master's Report contained an appendix of some 27 pages, containing a listing of the state's private licensed facilities, their addresses, directors, license status, and inspection status. The information contained in this portion of the appendix was supplied to the Special Master by the Commonwealth and was included in the Appendix verbatim by the Special Master. The state-provided information listed Mr. Jerry Haas as the Director of Pleasant Manor, Inc., a private licensed facility. The Special Master's Report discussed several aspects of Pleasant Manor. Mr. Haas alleges that he was subsequently contacted by the Philadelphia *Inquirer* and asked for his response to the Report, and that he informed the reporter that he was no longer Director of Pleasant Manor, and had not been Director during the time period addressed by the Special Master's Report. Mr. Haas subsequently filed the instant motion seeking leave to intervene to have his name deleted from the Appendix.

No party to this action has questioned Mr. Haas's representation that he was not connected with Pleasant Manor at the time of the Special Master's inspection. Mr. Haas states that he has been wronged by the error contained in the Appendix to the Report. However, any equities in his favor do not, under the circumstances of this protracted litigation, justify his intervention in the proceedings.

*Intervention Under Federal Rule 24*

Federal Rule of Civil Procedure 24 provides, in pertinent part,

(a) *Intervention of Right.* Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state government officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ Mr. Haas has not directed this Court's attention to any U.S. statute that confers either an unconditional or a conditional right for him to intervene. Furthermore, the Court, upon investigation, has found no such applicable federal statute. In his petition, Mr. Haas has not averred that he has a property or transactional in-

terest in the subject matter of this case that he will be unable to protect if he is not permitted to intervene in this action. Thus, Mr. Haas is clearly not entitled to intervention as a matter of right.

■ Even under the more liberal standards of Fed.R.Civ.P. 24(b), authorizing the Court to exercise its discretion to grant permissive intervention, Mr. Haas has not set forth a sufficient reason for such intervention. His claim—that his name was erroneously included in the state-provided Appendix to the Special Master's Report—has nothing legally or factually in common with the main action in this case—the deprivation of the civil rights of the plaintiff class. Mr. Haas is not affiliated with the government, so the portion of Rule 24(b) permitting intervention for government officials and agencies does not apply to him. Therefore, Mr. Haas has not brought forth any basis upon which this Court should permit his intervention.

Intervention by Mr. Haas would create issues which bear no relevancy to claims of the parties in this complex litigation. This Court, if it permitted Mr. Haas to intervene, would be required to let anyone upset with the content of any pleading, transcript, or report in this case intervene and seek amendment of such documents. Nearly two thousand documents have been docketed thus far in this case. Intervention of the type sought by Mr. Haas would, if permitted, undoubtedly lead to substantial delay. Though the basic merits of this case were adjudicated more than five years ago, the case remains an active one since the Court must continue to enforce its injunctive orders in this case. Since September, 1981, there have been nearly 800 docket entries in this litigation.

Furthermore, allowing intervention to accommodate the personal grievances of individuals not parties to the action would serve only to delay the further and continuing adjudication of the rights of the parties. The parties are entitled to expeditious Court consideration of the matters that they bring to the Court's attention regarding the continuing enforcement of the Court's injunctive orders. Their rights as litigants in the action would be severely compromised if this Court were to devote its attention to the personal grievances of those who object to a segment of one of the many documents filed in connection with this litigation.

■ A district court has wide discretion in determining whether to grant permissive intervention pursuant to Fed.R.Civ.P. 24(b). *See* 7A C. Wright and A. Miller, *Federal Practice and Procedure,* § 1913, at 511 ("[E]ven though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."). Here, where the movant has not met even the threshold standards of Rule 24, it would be an abuse of this Court's discretion to permit intervention.

It would appear that Mr. Haas is not without a remedy. According to his petition, the allegedly erroneous information concerning the current management of Pleasant Manor was provided to the Special Master by the Commonwealth. Apparently, the state's records list Mr. Haas as the Director of Pleasant Manor. It would therefore appear that Mr. Haas could have this matter corrected by requesting the Commonwealth to correct its records. An appropriate Order will be accordingly entered.